UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 4:15-CR-44-3 |
| § | CIVIL ACTION NO. 4:19-CV-3617 |
| PEDRO HERRERA-ALVARADO; aka § | |
| BETRON-ALVARADO; aka AVILES- § | |
| REBOLLAR; aka GALICIA-ALCANTRA; aka § | |
| KIKI; aka JOSE § | |

## OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Pending before the Court in the above referenced proceeding is Movant Pedro Herrera-Alvarado's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 405); Memorandum in Support (Doc. No. 406); the Government's Answer (Doc. No. 409); Movant's Response thereto (Doc. No. 410); and Judge Stacy's Memorandum and Recommendation that the Court deny the § 2255 Motion and grant the United States' Motion for Summary Dismissal. (Doc. No. 413). Movant filed Objections to the Memorandum and Recommendation (Doc. No. 416).

**Standard of Review**

Objections timely filed within fourteen days of entry of the United States magistrate judge's memorandum and recommendation must specifically identify the findings or recommendations for which the party seeks reconsideration. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Fed. R. Crim. P. 59(b)(2); *United States v. Moreno*, No. CR H-03-235, 2017 WL 635503, at *2 (S.D. Tex. Feb. 16, 2017) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)). The court does not have to consider "frivolous, conclusive, or general objections." *Moreno*, 2017 WL 635503, at *2 (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (*per*

*curiam*)). Findings by the magistrate judge to which the party specifically objects must be reviewed de novo under 28 U.S.C. § 636(b)(1)(C). *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (*per curiam*).

Where the Movant untimely filed objections or did not specifically object to findings of the magistrate judge, after a warning, the Court will review the memorandum and recommendation only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *Gamez v. United States*, No. SA-06-CR-401-XR, 2014 WL 2114043, at *2 (W.D. Tex. May 20, 2014) (citing *Wilson*, 864 F.2d at 1221); *see Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) (holding that where a party was advised that he must timely file objections, and he did not timely file objections, that he is entitled only to plain error review of the magistrate judge's recommendation). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Once a defendant has been convicted and has exhausted or waived his or her right to appeal, a Court may presume that he or she "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Therefore, relief under § 2255 is limited to "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). The court's ability to reduce or modify a sentence of imprisonment once it has been imposed is restricted. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994) (*per curiam*). There are four grounds on which a defendant may move to vacate, set aside, or correct his or her sentence under § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the

[district] court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; and (4) the sentence was "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A defendant can challenge [his or her] conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his[ or her] procedural default and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citations omitted).

The Court has carefully reviewed, *de novo*, the filings, the Magistrate Judge's Memorandum and Recommendation, and the applicable law and finds the Memorandum and Recommendation is not erroneous in its factual findings nor contrary to law. Accordingly, the Court hereby adopts the Magistrate Judge's Memorandum and Recommendation as its own. It is hereby

**ORDERED** that the Magistrate Judge's Memorandum and Recommendation (Doc. No. 413) is **ADOPTED** and Movant Pedro Herrera-Alvarado's § 2255 Motion is **DENIED**.

SIGNED at Houston, Texas, this 23rd day of December 2021.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE